## SAM McKINZIE et al. v. STATE.

No. A-1061. Opinion Filed December 7, 1912.

(127 Pac. 1090.)

1. **APPEAL—Review—Circumstantial Evidence.** When a conviction for a violation of the prohibitory law is based upon circumstantial evidence, and the proof in the record is sufficient to exclude every other reasonable hypothesis except that of guilt, a verdict of conviction should be returned by the jury, and such conviction will not be, and never has been, reversed by this court.

2. **INTOXICATING LIQUORS — Unlawful Possession — Evidence.** Proof of the ownership of a place of business to which large quantities of intoxicating liquors have been delivered and received by the owners, that intoxicating drinks have been sold in the place, and that persons have been seen intoxicated and drinking spirituous liquors therein is sufficient, when coupled with proof of the possession of quantities of like intoxicatng liquors, to warrant a conviction.

3. **SAME—Circumstantial Evidence Rule.** The approved rule as to the sufficiency of circumstantial evidence to sustain a conviction for violating the prohibitory law is the same as for any other misdemeanor, and is the rule that has been uniformly followed by this court since its creation.

(Syllabus by the Court.)

*Appeal from Blaine County Court.*
*George W. Ferguson, Judge.*

Sam McKinzie and Floyd McKinzie were convicted of violating the prohibitory law, and they appeal. Affirmed.

*Wm. O. Woolman,* for plaintiffs in error.

*E. G. Spilman* and *Smith C. Matson,* Asst. Attys. Gen., for the State.

ARMSTRONG, J. The plaintiffs in error were convicted in the county court of Blaine county at the October, 1910, term on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, and their punishment fixed at a fine of $200 and imprisonment in the county jail for a period of 30 days.

The proof shows that the plaintiffs in error conducted a place of business in the town of Okeene; that they received considerable shipments in barrels, some of which were billed as containing 72 bottles of beer, and some 120 bottles; that persons were seen drinking in the place; that certain witnesses bought beverages that looked like beer and tasted like beer. Some of the bottles were branded Budweiser and Pabst. Some bought beverages which were intoxicating, and saw other persons drinking in the place.

We have carefully gone over the record, and find no error sufficiently prejudicial to the rights of the plaintiffs in error to justify a reversal of this judgment. The jury was warranted in concluding from the circumstances in evidence that the plaintiffs in error had possession of the liquors in question for the purpose of violating the prohibitory law. This court has never reversed a case of this character, when in good conscience a conviction could be upheld and we decline to set a precedent which would indicate the contrary now.

There are questions of law raised which are settled by other opinions of this court, and we shall not consume time here to discuss them anew.

The judgment of the trial court is in all things affirmed.

FURMAN, P. J., and DOYLE, J., concur.